Boardman, J.
This is an appeal from an order of thé court of sessions dismissing proceedings brought by the overseers to compel the respondent to support his poor and infirm son. A preliminary motion is made to dismiss the appeal, because it is not authorized by law. If this be true the motion should be granted because the right of appeal is purely statutory. People v. Havens, 3 N. Y. Crim. Rep., 286; People v. Trumble, 1 id., 443. It is doubtful whether the Code of Civil Procedure, § 1357, can be justly treated as applicable to cases under the Penal Code or made a part of the Code of Criminal Procedure. But it is not, perhaps, necessary to decide that question. Prior to 1884, the right of appeal did not exist under the Code of Criminal Procedure. Killoran v.Barton (26 Hun, 648), section 515, only applied to a judgment or order in a criminal action. But by chapter 372 of the Laws of 1884, that section was so amended as to give the right of appeal in special proceedings of a criminal nature. This right is given in lieu of a writ of certiorari. People ex rel. Scherer v. Walsh, 2 N. Y. Crim. Rep., 325. The motion to dismiss must therefore be denied.
The proceeding on the part of the overseer was discontinued on the ground that the application should have been made by the county superintendent of the poor. The application should be made by the county superintendent, where all the poor are a charge upon the county, Code of Crim. Procedure, § 926. The counsel for the respondent insists that such is the case in Madison county, where it is conceded The Livingston county act, chap., 334, Laws of 1845 is in force. If that contention be correct the order of the court of sessions must be affirmed. But we do not understand the Livingston county act to make all the poor of a county a charge in the first instance upon the county. Before such persons are removed to the county poor house they are a charge upon the towns where they shall be relieved or supported, and the manner for this support is provided for by sections 1 and 2 of the act. It was therefore in the power of the town of Cazenovia to support this Eoor person, or by transferring him to the county poor ouse, make his support a charge against the county; primarily he was a charge upon the town until he “shall be removed to the county poor house.” Id., § 2. The Livingston county act does not make all poor persons a charge upon the county, nor indeed any of them, until they are transferred to the county’s care and custody. But in a number of counties all poor persons are a county charge (1 R.S., P. 620, § 23), and in those counties the county superintendent could alone act under section 926, above cited. So long as the town of Cazenovia saw fit to give relief it could *333 do so under the Livingston county act. People ex rel. Sup'ts, etc., v. Suprs. of St. Lawerence, 103 N. Y., 541; Osterhoudt v. Rigney, 98 N. Y., 222, 236.
The proceedings in this case did not contemplate the support of the poor person in the county house, but by the respondent in his own house. Security was to be required for the support. We think, therefore, that the overseers of Cazenovia were the proper persons to make this application, and that the court of sessions erred in adjudging that they should have been brought by the superintendent of the poor of Madison county. Code Grim. Procedure, sections 914, etc.
We are also of the opinion that the court had no authority for charging the appellant Tillotson with any costs. We find no provision in the Code of Criminal Procedure therefor, and costs can only be granted by virtue of some statutory law providing therefor.
The order of the court of sessions should be reversed, and the proceedings remitted to that court for such further action as may be proper.
All concur.